IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 6:12cr00013-4 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| PIERRE PENNIX, | ) | By: Norman K. Moon |
| Petitioner. | ) | United States District Judge |

Petitioner Pierre Pennix, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging his 188-month sentence for distribution of cocaine base. Pennix claims that counsel provided ineffective assistance by advising him to stipulate to his status as a career offender. The government filed a motion to dismiss and Pennix has responded, making this matter ripe for consideration. I conclude that Pennix has failed to demonstrate deficient performance by counsel. Therefore, I will grant the government's motion to dismiss.

I.

On May 24, 2012, Pennix and four codefendants were charged in a twenty-four-count superseding indictment handed down by a federal grand jury sitting in Lynchburg, Virginia. On November 27, 2012, Pennix was arraigned, with counsel present, and pleaded guilty to Counts Five, Six, and Seven.[1] On November 27, 2012, a plea agreement was filed with the court pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and was fully endorsed by Pennix, his counsel, and the Assistant United States Attorney. The plea agreement provided for a stipulated sentence of 188-months. The plea agreement further provided that, at the sentencing

---

[1] Count Five alleged that on May 3, 2011, Pennix distributed a measurable quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Count Six alleged that on May 31, 2011, Pennix distributed 28 grams or more of a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Count Seven alleged that on June 13, 2011, Pennix distributed 28 grams or more of a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

hearing, the government would move to dismiss the remaining counts and recommend a three-level reduction for acceptance of responsibility. The plea agreement included the following statement:

> I stipulate and agree that because of my prior criminal record I will be treated as a 'Career Offender' under Guideline Section 4B1.1(a) and (b)(2), because I have at least two prior convictions for felony drug offenses.

Finally, Pennix waived his right to collaterally attack any order issued in this matter, unless such attack is based on ineffective assistance of counsel.

On November 27, 2012, I conducted Pennix's plea hearing and found his plea to be knowing and voluntary. On March 26, 2013, I conducted Pennix's sentencing hearing, where Pennix was present with counsel. I adopted the Presentence Investigation Report ("PSR") and the parties did not object. I imposed a sentence of 188 months.

## II.

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Pennix bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965); *Hall v. United States*, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

## III.

Pennix claims that counsel provided ineffective assistance by advising him to stipulate to his status as a career offender under United States Sentencing Guideline ("U.S.S.G") § 4B1.1(a) and (b)(2). Pennix asserts that this constituted ineffective assistance because he "was not

2

indicted by a grand jury for being a career offender." I conclude that Pennix's ineffective assistance of counsel claim does not meet both the performance and prejudice prongs of *Strickland v. Washington*, 466 U.S. 668, 669 (1984). Therefore, I will grant the government's motion to dismiss.

To establish a claim of ineffective assistance of counsel, petitioner must show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. *Strickland*, 466 U.S. at 669. Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *see also Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983).

In addition to proving deficient performance, a petitioner asserting ineffective assistance must prove that he suffered prejudice as a result of his counsel's deficient performance; that is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. In the plea context, the *Strickland* prejudice inquiry focuses on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985) "([I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") The petitioner "bears the burden of proving *Strickland* prejudice." *Fields*, 956 F.2d at 1297 (citing *Hutchins*, 724 F.2d at 1430-31).

Pennix's claim that he should have been charged with, and convicted of, the "offense" of being a career offender, and therefore counsel improperly "permitted [him] to be convicted and

3

sentenced for an offense that was not charged in his indictment," is without merit. Simply put, the career offender provision of the U.S.S.G. is not a separate offense which must be charged by the indictment. The Eleventh Circuit explained this in *Gilbert v. United States*:

> Put in its best light, [defendant's] argument assumes that he was convicted of the nonexistent offense of being a career offender with only one qualifying predicate offense. But he wasn't. As the indictment and the judgment in this case show, [defendant] was not charged with, nor was he convicted of, being a career offender. A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement. If guidelines enhancements were crimes, they would have to be charged in the indictment and proven to the jury beyond a reasonable doubt. *See United States v. Kenney*, 391 F. App'x 169, 172 n.2 (3d Cir. Aug. 20, 2010) (unpublished) ("The career offender enhancement is not a separate offense, however. If it were, its elements would need to be proven to a jury beyond a reasonable doubt."). [Defendant's] position turns on treating sentences as convictions, and an argument that depends on calling a duck a donkey is not much of an argument.

640 F.3d. 1293, 1320 (11th Cir. 2011).[2]

In *Apprendi v. New Jersey* the Supreme Court specifically stated, "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000) (emphasis added). The Supreme Court has not overruled this exception for a prior conviction. *See Almendarez-Torres v. United States*, 523 U.S. 224, 243 (1998); *see also Alleyne*, __ U.S. __, 133 S. Ct. 2151, 2160 n.1. (2013).

Counsel was not ineffective for advising Pennix to stipulate to his career offender status because it is not a separate offense which must be charged by the indictment or proven to a jury, and Pennix had two qualifying felony convictions.[3] Accordingly, Pennix does not show

---

[2] Pennix's reliance on *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010) ("*Gilbert I*") is misplaced as, after a rehearing *en banc*, the Eleventh Circuit vacated the original decision in *Gilbert I* and held that the prisoner could not raise a guidelines miscalculation claim under § 2241. *Gilbert v. United States*, 640 F.3d 1293, 1312 (11th Cir. 2011).

[3] Moreover, Pennix does not claim he would not have pleaded guilty to the charges in the indictment; instead he claims he "would have insisted on going to trial on [the] charge [of being a career offender.]" As stated,

4

deficient performance of counsel under *Strickland*.  466 U.S. at 689.  Thus, I will dismiss Pennix's claim of ineffective assistance of counsel.

IV.

For the reasons stated herein, I will grant the government's motion to dismiss.

**ENTER:**   This __8th__ day of April, 2015.

*[signature: Norman K. Moon]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

the career offender enhancement is not a separate offense, and thus need not be charged on the indictment, or proven to a jury.  Accordingly, Pennix does not show prejudice under *Strickland*.  466 U.S. at 689.