CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

8/26/2024

LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PIERRE PENNIX,<br><br>*Defendant.* | CASE NO. 6:12-cr-13<br><br>MEMORANDUM OPINION<br>& ORDER<br><br>JUDGE NORMAN K. MOON |

Defendant Pierre Pennix has filed *pro se* motions seeking a reduction in sentence or compassionate release, and, through counsel, a supplemental motion for compassionate release. Dkts. 249, 260, 275. In addition, Defendant previously filed a pro se motion to modify or amend the judgment. Dkt. 243. For the following reasons, the Court holds that Defendant is not entitled to any reduction in sentence, nor the relief requested, and accordingly denies the motions.

In 2012, Defendant pled guilty, pursuant to Rule 11(c)(1)(C), to one count of distribution of a measurable amount of cocaine base, and two counts of distribution of 28 grams or more of cocaine base, subject to Defendant's and the Government's agreed-upon sentence of 188 months. Dkt. 116 at 1–2 (plea agreement). The Court thereupon imposed a sentence of 188 months' incarceration upon each of the three counts, to be served concurrently. Dkt. 156 at 1–2 (Judgment). After commencing his term of imprisonment, Defendant filed numerous motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, all of which were denied. *See* Dkt. 200 (concluding that Defendant failed to demonstrate deficient performance by counsel); Dkt. 221 (dismissing subsequent § 2255 motion as unauthorized, successive motion); Dkt. 224 (dismissing another unauthorized § 2255 motion); Dkt. 228 (Court of Appeals order denying leave to file successive § 2255 motion).

1

Defendant has filed a *pro se* motion seeking reconsideration of his sentence, Dkt. 243, another motion filed *pro se* seeking compassionate release, Dkt. 249, and a supplemental motion filed by counsel seeking compassionate release on different grounds, Dkt. 260. The Court will address each argument in turn.

Motion to Modify, Amend the Judgment

In his *pro se* motion to modify or amend the judgment, Defendant largely seeks relief that the Court modify its sentence to provide that Defendant's sentence "shall run concurrent with any state sentence in Campbell Circuit Court." Dkt. 243 at 1.

Defendant's primary argument in support of that modified sentence is that the Court "should exercise its discretion to run [Defendant's] sentence concurrent with this state sentence," pursuant to the Supreme Court's decision in *Setser v. United States*, 566 U.S. 231 (2012), and Amendment 787 to the Sentencing Guidelines. Dkt. 243 at 3–5. This argument fails.

After *Setser*, the Sentencing Commission added "amendment 787, effective November 1, 2014, [which] provides that if 'a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the offense of conviction …, the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.'" *United States v. Lynn*, 912 F.3d 212, 217 (4th Cir. 2019) (quoting U.S.S.G. § 5G1.3(c)). Defendant argues that he is entitled to relief pursuant to amendment 787. Dkt. 243 at 3. However, Amendment 787 only became effective on November 1, 2014—after Defendant was sentenced (on March 26, 2013)—and this provision does not apply retroactively. *See United States v. Conley*, 777 F.3d 910, 914 (7th Cir. 2015) ("Because Conley was sentenced prior to November of 2014, this amendment does not apply to him."); *Barnes v. Warden of Lee County*, No. 7:18-cv-23, 2019 WL 157735, at *5 (W.D. Va. Jan. 10, 2019) (explaining that amendment 787 "was

not in effect at the time of Barnes' federal sentencing and has not been designated to be retroactive"). Defendant is not entitled to relief under this provision.

Defendant also argues that the Court should consider his post-conviction rehabilitation efforts while incarcerated, which he believes support this Court amending his sentence such that his federal sentence would concurrently with that imposed by the Campbell County Circuit Court. Dkt. 243 at 5–6. As these rehabilitation arguments sound in a motion for compassionate release pursuant to 18 U.S.C. § 3582(c), considering his *pro se* status, the Court will proceed to consider them in connection with the arguments he raised in his later motions for compassionate release, rather than on their own.

## Motions for Compassionate Release

Defendant, proceeding *pro se*, has filed a motion asking the Court for compassionate release or for a reduced sentence on account of the health risks he faces by COVID-19 during his period of incarceration. Dkt. 249. Further, Defendant, by counsel, has argued that he is entitled to compassionate release on the basis that he "should not have been sentenced as a career offender" and "would not be one" if he were to be sentenced today. Dkt. 260 at 1. Last, the Court will consider Defendant's arguments that his rehabilitation supports compassionate release or a modification in his sentence. Dkt. 243 at 5–6; Dkt. 249 at 9–10; Dkt. 260 at 6–7.

A sentencing court generally cannot "modify a term of imprisonment once it has been imposed." *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022) (quoting 18 U.S.C. § 3582(c)). But a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction" after the defendant has asked the Bureau of Prisons and exhausted administrative remedies following denial of the request. 18 U.S.C. § 3582(c)(1)(A)(i).

A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted. *United States v. Rice*, No. 3:05-cr-11, 2023 WL 3981274, at *2 (E.D. Va. June 13, 2023); *United States v. Griggs*, 462 F. Supp. 3d 610, 615 (D.S.C. 2020). If a defendant has shown that extraordinary and compelling reasons support a sentence reduction, the Court must further consider the applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. 18 U.S.C. § 3582(c)(1)(A); *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (movant's burden to show § 3553(a) factors justify a modified sentence). A district court has "broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021).

   1. *COVID-19*

In his request for a sentence reduction on account of the risks presented by COVID-19, Defenadnt fails to demonstrate any "extraordinary and compelling reasons" that would support a sentence reduction. "To establish that the risks posed by COVID-19 presents an extraordinary and compelling reason for release, the defendant must allege that the risk of contracting COVID-19 is higher in prison than outside of it, and that his preexisting conditions increase the risk of experiencing a serious or fatal case of the virus." *United States v. Davis*, 99 F.4th 647, 655 (4th Cir. 2024). While the totality of the relevant circumstances must be considered, courts examine "whether the movant 'shows both a particularized susceptibility to COVID-19 and a particularized risk of contracting the disease at his prison facility." *Id.* (quoting *Hargrove*, 30 F.4th at 196).

Here, the Court notes and has considered that Defendant suffers from high blood pressure and obesity. Dkt. 249 at 3, 7. Those health conditions, on their own and in combination, do heighten the risks that COVID-19 presents. *See United States v. Brown*, 78 F.4th 122, 128–29

4

(4th Cir. 2023). However, the Court finds that any risks presented are mitigated significantly by the fact that Defendant has been vaccinated against COVID-19 with the Pfizer-BioNTech vaccination. Dkt. 249 at 4; Dkt. 271; *see also Brown*, 78 F.4th at 129 (affirming district court's ruling that, "while Brown's high blood pressure and obesity put him at increased risk of severe COVID-19 infection, the vaccine could virtually eliminate that risk") (cleaned up); *United States v. Walker*, No. 3:15-cr-49, 2024 WL 1680025, at *9 (E.D. Va. Apr. 18, 2024) ("While hypertension and obesity were highlighted as risk factors early in the pandemic, highly effective … vaccines dramatically affect whether an inmate's medical conditions constitute the extraordinary and compelling reason required to further consider compassionate release") (cleaned up). Defendant argues that vaccines against COVID-19 are "not a 100% preventative." Dkt. 249 at 4. That is true. Defendant also cites authorities to argue about "vaccine inadequacy." *Id.* at 5–6. But Defendant cannot avoid the fact that they have been proven to greatly reduce severe bouts of COVID-19 and negative health outcomes resulting from the virus. *See, e.g.*, *United States v. Kimbrough*, No. 3:09-cr-220, 2022 WL 2484548, at *5 (E.D. Va. July 6, 2022) ("According to the vaccine manufacturers and the CDC," the Pfizer BioNTech "vaccination protects individuals from getting sick with COVID-19 and prevents those individuals who contract breakthrough infections from getting seriously ill ….") (citations omitted). Considering the entirety of Defendant's medical record and ailments in combination (including his obesity and high blood pressure), but also considering the vaccine's salutary effects, as well as its shortcomings, the Court concludes that Defendant has not shown that he is especially susceptible to serious illness on account of COVID-19. *See Davis*, 99 F.4th at 655–56.

    The Court further notes that Defendant argues that he has had to suffer a sentence of "extreme harsh conditions due to COVID and the concomitant lockdown." Dkt. 249 at 8. In

particular, Defendant focuses on "lockdown measures" that had made it "impossible for [him] to exercise," which further "add[ed] more burden to his health." *Id.* Moreover, Defendant cites the "lack of testing within the B.O.P. …" *Id.* Even accepting the veracity of Defendant's account of the greater severity of his term of incarceration for a time at one facility,[1] he has included little factual content about the extent of the burden imposed by "lockdown measures in place," why it was "impossible" for him to exercise; and how long such "lockdown measures" were in place (other than saying they lasted for an "extended period"). *See id.* The Court considered these arguments but concludes that they, alone and in combination with the remainder of Defendant's arguments, fall short of demonstrating "extraordinary and compelling" grounds for a modified sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

    2.  *Career Offender Designation*

Next, Defendant by counsel argues in his most recent motion that he is entitled to compassionate release, raising several arguments related to his career offender status. To start, Defendant purports to raise a "dispositive argument that he should not have been sentenced as a career offender," and thus Defendant contends that "his erroneous sentencing as a career offender constitutes compelling and extraordinary circumstances" warranting compassionate release. Dkt. 260 at 1. Binding precedent bars this formulation of Defendant's argument. As the Fourth Circuit recently explained, "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction *or sentence*." *United States v. Ferguson*, 55 F.4th 262, 272 (4th Cir. 2022) (emphasis added). Thus, to the extent that Defendant's argument seeks to "correct[ ] a purportedly illegal sentence," that is "a remedy that is exclusively within the

---

[1] The Court notes that Defendant took issue with his conditions of confinement at FCI-Berlin, Dkt. 249 at 3, while BOP records indicate that he is now located at Atlanta-FCI.

province of § 2255." *Id.* This Court therefore cannot consider any argument challenging the validity of Defendant's sentence, including that he was purportedly "should not have been sentenced as a career offender." Dkt. 260 at 1.

Defendant raises a separate argument that he is entitled to a reduced sentence because, "if he were prosecuted today," he contends that he would not qualify as a "career offender," and thus would have a guideline range of only 84–105 months, instead of 188–235 months. Dkt. 260 at 2–6. Defendant relies on the Fourth Circuit's decision in *United States v. Campbell*, 22 F.4th 438, 443–45 (4th Cir. 2022) (holding that conviction for delivery of crack cocaine in violation of a West Virginia statute that criminalizes attempt, is not a 'controlled substance offense' under the Guidelines).

Defendant's argument proceeds as follows. Under *Campbell*, Defendant contends, attempt offenses are categorically not "controlled substance offenses" under the U.S. Sentencing Guidelines. Dkt. 260 at 3. And, Defendant argues, in Virginia the definition of "distribution" means "to deliver … a controlled substance," while "deliver," in turn, "means the actual, constructive, or *attempted transfer* of" a controlled substance. *Id.* at 4 (citing Va. Code § 54.1-3401) (Defendant's emphasis). Therefore, Defendant concludes, "because the least culpable conduct the Virginia statutes criminalize are these attempted transfers, [Defendant's] Virginia convictions are not … 'controlled substance offenses' under U.S.S.G. § 4B1.2(b)." Dkt. 260 at 4.

The Court concludes that Defendant's argument is without merit. For one, the Fourth Circuit in a published decision had already concluded that the *Virginia* statute underlying Defendant's offenses of conviction, Va. Code § 18.2-248, qualifies as a 'controlled substance offense' within the meaning of the Guidelines. *See United States v. Ward*, 972 F.3d 364, 367 (4th Cir. 2020) ("we hold that Ward's two convictions under Va. Code § 18.2-248 each qualify as a

7

'controlled substance offense' that may trigger the career offender enhancement"). *Campbell*, by contrast, dealt with a West Virginia statute, and because *Ward* dealt with the Virginia offense of conviction underlying Defendant's convictions, *Ward* controls.[2]

More recent authority has concluded that "*Campbell* did not invalidate the use of Va. Code 18.2-248 as a predicate for the career offender guideline in § 4B1.2." *United States v. Williams*, No. 4:09-cr-39, 2024 WL 2079255, at *6 (W.D. Va. Apr. 19, 2024) (Urbanski, C.J.). In *Williams*, the court found major differences between the West Virginia statute in *Campbell*, and Va. Code § 18.2-248. *Id.* For instance, "unlike the statute in West Virginia, the Virginia criminal code contains a separate attempt statute for distribution of controlled substances, Va. Code § 18.2-257, which makes engaging in attempted drug distribution a separate offense," and therefore, "[i]f Va. Code § 18.2-248 were construed to cover attempt offenses"—as Defendant would have the Court do here—"Va. Code § 18.2-257 would be rendered superfluous." *See Williams*, 2024 WL 2079255, at *6.

Indeed, in numerous post-*Campbell* decisions, the Fourth Circuit has found that South Carolina's, North Carolina's, and the federal distribution statutes all qualify as a controlled substance predicate, because those statutory frameworks (like Virginia's), all contain a separate attempt provision. *See United States v. Groves*, 65 F.4th 166, 173–74 (4th Cir. 2023) (holding that the federal distribution offense "is not categorically disqualified from being treated as a 'controlled substance offense' under Guidelines section 4B1.2(b)"); *United States v. Davis*, 75

---

[2] Even if the two cases were in conflict, and the Court concludes they are not for the reasons set forth below, the Court would nonetheless be bound to follow *Ward* as the earlier published panel decision of the Fourth Circuit. *See McMellon v. United States*, 387 F.3d 329, 333(4th Cir. 2004) (en banc) ("When published panel opinions are in direct conflict on a given issue, the earliest opinion controls, unless the prior opinion has been overruled by an intervening opinion from this court sitting *en banc* or the Supreme Court").

F.4th 428, 444–45 (4th Cir. 2023) (finding *Campbell* and the West Virginia statute at issue "materially distinguishable from the South Carolina statutory scheme at issue here, wherein completed drug distribution offenses are defined separately from attempt offenses"). And, before reaching a similar conclusion about North Carolina's statute, the Fourth Circuit explained that accepting Defendant's position "would result in many state-controlled-substance-trafficking laws *not* qualifying as controlled substance offense," which "cannot be what the Sentencing Commission intended." *United States v. Miller*, 75 F.4th 215, 230 (4th Cir. 2023) (holding that North Carolina's controlled-substance-delivery statute qualifies as a 'controlled substance offense' under the Guidelines).

For these reasons, this Court concludes that the Fourth Circuit's published decision in *Ward* controls the issue that Defendant's prior convictions under Va. Code § 18.2-248 qualify as 'controlled substance offenses' under the Sentencing Guidelines. And subsequent Fourth Circuit authority reinforces that result. Defendant was properly classified as a career offender under the Sentencing Guidelines and would still be so treated today. Because Defendant's argument on the career offender designation is without merit, he would not be sentenced under a lower Guideline range today. Defendant has identified no extraordinary and compelling circumstance that would warrant a lower sentence.

3. *Rehabilitative Efforts*

Finally, Defendant argues that evidence of his rehabilitation supports his requested reduced sentence. For instance, Defendant notes that during his incarceration, he completed his GED, earned multiple certificates (including parenting, commercial driver's license, horticulture, computer skills, and others), and was transferred to a lower-security facility on account of good behavior. *See* Dkt. 243 at 5–6. He explains that he has "put his time incarcerated to good use, and

9

has demonstrated a clear commitment to his education and mental well-being, also recognizing the importance of living a law abiding life." Dkt. 249 at 9. Defendant has secured a character letter in support of his release and would plan on living with his mother. *Id.* at ECF 17. And, notably, Defendant has only incurred one disciplinary infraction during years of incarceration. Dkt. 260 at 6.

Undoubtedly there is much that is positive in Defendant's telling of his changed circumstances and mindset, including his following institutional rules, and taking advantage of rehabilitative programs. *See* Dkt. 243 at 5–6; Dkt. 249 at 9; *see also* Dkt. 260 at 6 (arguing that rehabilitation supports weighing of § 3553(a) factors); Dkt. 264 (BOP records).[3] However, even such commendable strides toward rehabilitation, on their own, do not qualify as "extraordinary and compelling" circumstances that would warrant a sentence reduction. *E.g.*, *United States v. Pierce*, No. 5:14-cr-53, 2024 WL 765911, at *5 (W.D. Va. Feb. 23, 2024) (holding that "Pierce has not shown that he is entitled to compassionate release on any ground and the court cannot consider his rehabilitation by itself as an extraordinary and compelling reason for granting release"); *United States v. Raji*, No. 20-cr-369, 2023 WL 4421568, at *2 (D. Md. July 10, 2023) (explaining that rehabilitation "is not an extraordinary and compelling reason justifying compassionate release"); 28 U.S.C. § 994(t) (stating that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction).

Individually and collectively, Defendant's proffered reasons for a sentence reduction are either not cognizable or fall short of demonstrating "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[4]

---

[3] The Court has also considered Defendant's statements concerning rehabilitation and resources and support upon release, found within his most recent filings. *See* Dkts. 275, 276.

[4] Because the Court holds that Defendant has not established "extraordinary and

10

Accordingly, Defendant's motions for compassionate release or a reduced sentence hereby are **DENIED**. Dkts. 243, 249, 260, 275.

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum Opinion & Order to Defendant, all counsel of record and to the U.S. Marshals Service.

Entered this  26th  day of August, 2024.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

compelling reasons" for a reduction in sentence, the Court need not analyze the separate issue whether Defendant has established that consideration of the § 3553(a) factors also demonstrates an entitlement to a reduced sentence.